**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FLOYD RICKS,

                  Petitioner,

v.                                  Civil Action No. 3:07cv296

COMMONWEALTH OF VIRGINIA,

                  Respondent.

**MEMORANDUM OPINION**

Petitioner Floyd Ricks, a Virginia state inmate proceeding *pro se*, brings this petition

("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Ricks challenges his

---

[1] 28 U.S.C. § 2254 states in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; . . .

. . . .

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1

convictions for possession of a firearm by a convicted felon, receiving stolen property, possession of marijuana, maintaining a common nuisance, and illegal sale of alcohol. The Respondent filed a motion to dismiss and an appropriate *Roseboro* notice. Ricks filed several motions to amend his Petition and filed two responses to Respondent's motion to dismiss. All motions are now ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I.  Procedural History

Ricks is in custody pursuant to a final judgment entered on September 17, 2003, by the Circuit Court of the City of Norfolk ("Circuit Court"). Following a bench trial, the Circuit Court convicted Ricks of possession of a firearm by a convicted felon. Ricks also pled guilty to four misdemeanors: (a) receiving stolen property, (b) possession of marijuana, (c) maintaining a common nuisance, and (d) illegal sale of alcohol. The Circuit Court sentenced Ricks as to all counts,[2] but suspended all of the sentence except for two (2) years for possession of a firearm by a convicted felon, and six (6) months for maintaining a common nuisance.

---

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254 (b)(1), (d), and (e)(1).

[2] The Circuit Court sentenced Ricks to incarceration with the Virginia Department of Corrections as follows: (a) two (2) years for possession of a firearm by a convicted felon; (b) twelve (12) months for receiving stolen property; (c) ninety (90) days for possession of marijuana; (d) twelve (12) months for maintaining a common nuisance; and (e) twelve (12) months for the illegal sale of alcohol without a license. (Case Nos. CR02005347-00, -01, -02, -03, -04.)

Ricks appealed his conviction to the Court of Appeals of Virginia.  On January 11, 2005, the Court of Appeals affirmed Ricks's convictions.

On February 11, 2005, Ricks filed an appeal to the Supreme Court of Virginia.  On March 15, 2005, the Supreme Court of Virginia denied Ricks's petition for appeal as untimely. On April 29, 2005, the Supreme Court denied Ricks's petition to set aside the March 15, 2005 judgment.

On July 7, 2005, Ricks filed a timely petition for a writ of habeas corpus with the Supreme Court of Virginia, alleging that his attorney failed to file his appeal timely.  Respondent filed an answer, conceding that Ricks was entitled to have his appeal reinstated.  The Supreme Court granted Ricks a writ of habeas corpus and reinstated his appeal on October 28, 2005.

Ricks refiled his petition for appeal with the Supreme Court on November 28, 2005.  On May 22, 2006, the Supreme Court refused Ricks's petition for appeal on the merits.

On May 22, 2007, Ricks filed the instant Petition.[3]  In addition, Ricks moves the Court to consider an Amended Sentencing Order issued by the Circuit Court on April 9, 2007 (Docket No. 18), and to allow him to submit an affidavit in support of his Petition (Docket No. 23). Finally, Ricks also moves the Court to amend his Petition to particularize his grounds for relief.

---

[3] Ricks moves the Court to amend his Petition to reflect the proper address where the police executed one of the search warrants (Docket No. 22) and to reflect the proper case number for his state court case (Docket No. 24).  Respondent has not answered these motions.  The Court finds these amendments proper to reflect the record.  *See* Fed. R. Civ. P. 15(b)(2) ("A party may move . . . to amend the pleadings to conform them to the evidence . . . .").  For good cause shown and lack of prejudice to Respondent, Petitioner's motions to amend the address and case number shall be GRANTED.  (Docket Nos. 22, 24.)

3

(Docket No. 21.)  The Court will consider Ricks's motions before turning to Respondent's motion to dismiss.

## II.  Analysis

**A.**     **Petitioner's Motions**

    **1.**     **Motions to Particularize Grounds for Relief and to Submit a Supplemental Affidavit**

In his original Petition filed on May 22, 2007, Ricks raised only the four grounds for relief.  On May 30, 2007, he filed a supplemental brief to his Petition.  Respondent filed a Rule 5 Answer and Motion to Dismiss (Docket Nos. 7-8), addressing six grounds for relief embedded in Ricks's pleadings.  Petitioner agrees with Respondent's characterization of his Petition and moves the Court to allow him to amend his Petition accordingly.  Ricks also moves the Court for permission to submit a supplemental affidavit in support of his claims.  The Commonwealth has not filed anything in response to either of these motions.

Moreover, Federal Rule of Civil Procedure 15(a) provides that a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(B)(2).  Rule 15(b)(2) states: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."  Fed. R. Civ. P. 15(b)(2).  In light of the liberal standard to amend and the procedural posture here, the Court shall GRANT Ricks's motions to amend his Petition and to submit a supplemental affidavit.  (Docket Nos. 21, 23.)  Accordingly, the Court will consider the following six grounds for relief:

Ground 1:    The searches of 926 and 928 Wilson Rd., Norfolk, Virginia, were illegal meaning that any items seized were illegally taken;

Ground 2:       The affidavit in support of the search warrants for 926 and 928 Wilson Road was invalid in part because the items to be seized did not include weapons;

Ground 3:       The evidence was insufficient to show that Ricks constructively possessed the firearm seized from the residence because more than one person occupied the residence;

Ground 4:       Ricks was denied the opportunity to face his accusers following the search at 769 A Avenue to challenge the validity of their affidavits leading to the search;

Ground 5:       Ricks received ineffective assistance of counsel; and,

Ground 6:       Ricks's guilty pleas to the misdemeanor charges were involuntary and coerced by his attorney.

## 2.       Motion to Amend Sentencing Order and Overturn Conviction

Ricks moves the Court to consider the Amended Sentencing Order, dated April 9, 2007, and to overturn all convictions due to this amended order. Respondent has not opposed this motion. The Amended Sentencing Order correctly states Ricks's sentence.[4] Therefore, the Court shall consider the Amended Sentencing Order as part of the record.

The fact that an Amended Sentencing Order exists does not warrant overturning the conviction, however. It is clear that the Circuit Court fully informed Ricks of its sentence at the September 5, 2003 sentencing. *See* Transcript of Sentencing at 16, Commonwealth of Virginia v. Ricks, CR02005347-00 (2003). The April 2007 Sentencing Order merely corrects technical errors, and, in fact, correctly articulates the sentence handed down by the Circuit Court. Accordingly, the Court shall DENY Ricks's motion to overturn his conviction. (Docket No. 18.)

---

[4] The September 17, 2003 Sentencing Order mistakenly read to suspend nearly all of Ricks's sentence. The April 9, 2007 Sentencing Order correctly reflects Ricks's sentence, which included two (2) years and six (6) months incarceration, with additional time suspended.

**B.**     **Respondent's Motion to Dismiss**

Respondent moves the Court to dismiss the Petition, alleging that the claims as to the invalid search warrants (Grounds One and Two) do not state a cognizable basis for federal habeas corpus relief, that any claim of insufficient evidence regarding constructive possession of the gun (Ground Three) lacks merit, that the state afforded Ricks with all possible relief for his ineffective assistance of counsel claim (Ground Five), and that both his assertion as to the inaccuracy or invalidity of the search affidavits (Ground Four) and his claim that his misdemeanor guilty pleas were coerced (Ground Six) are procedurally defaulted.

**1.**     **Exhaustion**

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Breard*, 134 F.3d at 619 (*citing Matthews*, 105 F.3d at 911).

Ricks raised Grounds One, Two, and Three in his appeal to the Supreme Court. Ricks, therefore, has properly exhausted these claims.

In contrast, Ricks did not raise all of his of ineffective assistance of counsel claims in Ground Five to the Supreme Court. He also did not present Grounds Four and Six to the Supreme Court. Therefore, they are not properly exhausted.

## 2.     **Procedural Default**

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619.  This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).  "A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (*quoting Coleman*, 501 U.S. at 735 n.1).  Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim.  *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### a.     **Grounds Four and Six: Validity of Affidavits and Purported Involuntary Pleas**

Here, the Supreme Court granted Ricks's initial habeas petition and reinstated his appeal because his attorney failed to file a timely appeal.  Ricks could have raised Ground Four (the validity of the affidavits) and Ground Six (coerced guilty pleas) in a second state habeas petition.  Though the statute bars successive habeas petitions, the statute includes an exception for those in which a petitioner's first petition raises only the issue of a deprived right to appeal.  Va. Code

§ 8.01-654(B)(2).[5]  Nevertheless, Virginia's habeas statute of limitations, section 8.01-

654(A)(2),[6] would now bar Ricks from filing a second state habeas petition because it would

exceed the statute of limitations.  The United States Court of Appeals for the Fourth Circuit has

determined that section 8.01-654(A)(2) is an adequate and independent state procedural rule.  *See*

*Mueller v. Angelone*, 181 F.3d 557, 583-84 (4th Cir. 1999); *Yeatts v. Angelone*, 166 F.3d 255,

263-64 (4th Cir. 1999); *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986).  Accordingly,

Claims Four and Six are procedurally defaulted and shall be DISMISSED.

---

[5] Section 8.01-654(B)(2) states in relevant part:

> No writ shall be granted on the basis of any allegation the facts of
> which petitioner had knowledge at the time of filing any previous
> petition.  The provisions of this section shall not apply to a
> petitioner's first petition for a writ of habeas corpus when the sole
> allegation of such petition is that the petitioner was deprived of the
> right to pursue an appeal from a final judgment of conviction . . .
> except that such petition shall contain all facts pertinent to the
> denial of appeal that are known to the petitioner at the time of the
> filing . . . .

Va. Code § 8.01-654(B)(2).

[6] Section 8.01-654(A)(2) states in relevant part:

> A habeas corpus petition attacking a criminal conviction or
> sentence . . . shall be filed within two years from the date of final
> judgment in the trial court or within one year from either final
> disposition of the direct appeal in state court or the time for filing
> such appeal has expired, whichever is later.

Va. Code § 8.01-654(A)(2).  The Supreme Court of Virginia refused Ricks's appeal on
May 22, 2006.  *Ricks v. Commonwealth of Virginia*, No. 052437 (Va. May 22, 2006)
(order refusing petition for appeal).

b.     **Ground Five: Ineffective Assistance of Counsel**

Ricks argues in his petition that he suffered ineffective assistance of counsel because his attorney failed to file his direct appeal.  He scatters additional bases for ineffective assistance of counsel throughout his pleadings.  Ricks appears to allege that he suffered ineffective assistance of counsel due to his lawyer's failures to object to what he terms are invalid affidavits, to cross-examine affiant Inspector M.C. Boone, to examine the true bill, and to offer receipts into evidence that would have shown he legally obtained the seized property.  Ricks did not, however, assert any of these additional claims of ineffective assistance of counsel in his state habeas petition.  Therefore, the Court cannot consider these additional claims because they are procedurally defaulted.

Ricks's only basis for raising ineffectiveness was his attorney's failure to file an appeal in his state habeas petition.  He exhausted this claim properly.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and must establish that the deficient performance prejudiced the defense.  *Id.* at 687.  In analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue if the claim is more easily dismissed for a lack of prejudice.  *Id.* at 697.

Ricks correctly states that he was denied effective assistance of counsel because he asked his attorney to file an appeal, and his attorney failed to do so in a timely manner.  However, Ricks was afforded all relief by the state court as to this claim.  The Supreme Court granted Ricks's habeas petition in the form of a belated appeal, and considered his appeal as to the illegal

search and constructive possession challenges on the merits.  Therefore, Ricks has obtained all

the relief to which he is entitled, and Ground Five will be DISMISSED.

### 4.     <u>Grounds One and Two: Purported Fourth Amendment Violations</u>

Turning to the purported Fourth Amendment[7] violations, it is necessary for the Court to

provide some background surrounding the alleged violations.  On October 24, 2002, members of

the Norfolk Vice and Narcotics Squad simultaneously executed two search warrants at 769 A

Avenue and 926 Wilson Road.  Later that day, they obtained two additional search warrants and

searched 926 Wilson Road and 928 Wilson Road.  These searches led to the arrest and

subsequent conviction of Ricks.  Ricks argues that because Investigator M. C. Boone allegedly

committed perjury in his affidavit for the search warrant as to 926 Wilson Road, because the

warrants did not initially seek weapons, and because the warrants sought drugs that were not

found, the resulting searches constituted Fourth Amendment violations.

The Supreme Court has held that claims arguing that a state trial court should have

excluded probative evidence because of purported Fourth Amendment violations should not be

entertained in a federal habeas proceeding where a full and fair opportunity to litigate the claim

was available in the state court.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976).  Therefore, when

a federal district court sitting in habeas is faced with Fourth Amendment claims, it should "first

inquire as to whether or not the petitioner was afforded an *opportunity* to raise his Fourth

---

[7] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV.

Amendment claims under the then existing state practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978).

In this case, the Circuit Court conducted a suppression hearing based on Ricks's Fourth Amendment claims, and Ricks raised his Fourth Amendment claims on appeal.  This Court need not inquire further about Grounds One and Two unless Ricks "alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim . . . was in some way impaired." *Id.*

In his supplemental affidavit, Ricks contends that Investigator Boone committed perjury in his affidavit in support of his application for a search warrant.  To support this charge, Ricks states that Boone relied on information from a confidential informant named James E. Holley.  Ricks notes that "[t]he Capias for the indictments, which read 926 Wilson Road, states that the offense occurred on or about October 24, 2002 . . . . [and] that cigarettes were taken to 769 A Avenue by James E. Holley."  Ricks Aff. ¶ 3.  Ricks argues, without credible evidentiary support, that Holley was incarcerated for approximately two months before October 24, 2002, so "it [was] impossible for the alleged offense to have occurred."  Ricks Aff. ¶ 3.  "Due to the fact that Holley was incarcerated at the time of the investigation, the Affiant . . . perjured himself."  Ricks Aff. ¶ 7.

Ricks does not allege that the prosecutor knowingly withheld this information from him.  Indeed, the affidavit for search warrant submitted by Investigator Boone clearly reveals that Holley was the informant.  Ricks had access to this affidavit for search warrant at least since his direct appeal because it was part of the record.  Nonetheless, Ricks failed to raise the allegation of Holley's purported incarceration until now and offers no explanation for his failure.

11

Essentially, Ricks improperly resurrects in this federal court his previously litigated dispute with the State Courts' factual and legal findings as to his Fourth Amendment claims. He presents nothing that contravenes this Court's finding that he was provided a full and fair opportunity to litigate his Fourth Amendment claims. The Court shall DISMISS Grounds One and Two.

**5.    <u>Ground Three: Sufficiency of the Evidence</u>**

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

Ricks challenges the Circuit Court's finding that he constructively possessed the gun that officers seized while searching 926 Wilson Road. The Court of Appeals of Virginia summarized the evidence as to the constructive possession of the firearm as follows:

> The evidence, viewed in the light most favorable to the Commonwealth, established that appellant was the only person who resided at 926 Wilson Road, which contained only one bedroom and one bed. Police surveilled the residence on three different dates during the ten days prior to the search and saw only appellant coming and going from the residence. On one of those occasions, they observed appellant take the residence's garbage can to the curb, providing further circumstantial evidence that he resided there. When police searched the residence pursuant to the warrant and found the firearm beneath the mattress, they found two boxes of ammunition of the same caliber as the gun. That ammunition was in plain view in a closet that also contained a stack[]" of navy blue coveralls of the same type appellant was wearing each time they had conducted surveillance. They found only men's clothing and men's personal items in the room, and the

overwhelming majority of paperwork found in the room bore appellant's name at the 926 Wilson Road address.

*Ricks v. Commonwealth of Virginia*, Record No. 2534-03-1, at 7 (Jan. 11, 2005).  The Court presumes accuracy of the foregoing findings of fact as to Ricks's constructive possession of the gun, absent clear and convincing evidence to the contrary from Ricks.  *See* 28 U.S.C. 2254(e)(1).  Ricks offers the Court no new evidence to prove that he did not constructively possess the firearm.  Accordingly, Ground Three lacks merit and will be DISMISSED.

### III.  Conclusion

Based on the foregoing reasons, the Court shall GRANT Petitioner's motions to amend the Petition to particularize grounds for relief (Docket No. 21), to amend an address in the Petition (Docket No. 22), to submit a supplemental affidavit (Docket No. 23), and to amend the state case number in the Petition (Docket No. 24).  The Court shall DENY Petitioner's motion to amend and overturn conviction.  (Docket No. 18.)  Finally, the Court shall GRANT the Respondent's Motion to Dismiss.  (Docket No. 7.)  Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

_____/s/_____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: January 31, 2008

13